UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. LULL,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No.  2:16-cv-2899 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  For the reasons set forth below, this court recommends the petition be dismissed for failure to exhaust state court remedies.

**I.    The Petition**

Petitioner challenges a conviction entered on January 26, 2016 in Placer County Superior Court for violations of California Vehicle Code §§23152(A) and 23152(B).  The sentence imposed was 98 hours.  It is unclear whether petitioner has served that sentence.

Petitioner checked a box indicating that he appealed from his judgment of conviction and that the appeal is "pending."  Petitioner indicates that he has not appealed any claims to the California Supreme Court.  (See Pet. (ECF No. 1) at 2.)

////

////

## II. Exhaustion

Exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). In order to satisfy the federal exhaustion requirement, a state prisoner must fairly present all of his federal claims to the state's highest court before he presents them to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). In California, a federal claim is fairly presented to the state's highest court only by presenting the claim to the California Supreme Court either on direct appeal or in a habeas petition that describes the operative facts and the legal theories upon which the claim is based. Picard, 404 U.S. at 277-78.

Petitioner in this case does not appear to have exhausted state court remedies by presenting his claims to the California Supreme Court either on direct appeal or in a habeas petition. Accordingly, the federal court cannot grant petitioner any relief relative to his January 2016 Placer County conviction. The undersigned will therefore recommend that this case be dismissed without prejudice for failure to exhaust state court remedies prior to filing this action. If petitioner subsequently exhausts available state court remedies, he may commence a new federal habeas case.[1]

## III. In Custody Requirement

Even if petitioner exhausts his state court remedies, he can only proceed with a federal habeas corpus petition under 28 U.S.C. § 2254 if he is "in custody." See 28 U.S.C. §§ 2241(c), 2254(a). If petitioner has already served his sentence, then he is not "in custody" and federal habeas relief is not available to him. Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (a petitioner is not "in custody" for purposes of habeas relief if his sentence has fully expired); Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010).

---

[1] Petitioner is cautioned that a one-year statute of limitations applies to the filing of non-capital habeas corpus petitions in federal court. In most cases, the one-year period of limitation begins to run on the date on which the defendant's judgment became final by the conclusion of direct review or by the expiration of his time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

If petitioner has not yet served his sentence, then he is informed that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. Calif. Supr. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Fed. R. Governing § 2254 Cases). "This person typically is the warden of the facility in which the petitioner is incarcerated." Id. (citing Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992)). If the petitioner is on probation or parole, he should name as respondents his probation or parole officer, as well as the official in charge of the parole or probation agency. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). A petitioner not currently in custody but subject to future custody must name as respondents the attorney general of the state and, if applicable, the officer having present custody over him. Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997). Failure to name the proper respondent in a federal habeas petition deprives the federal court of personal jurisdiction. Id. (citing Stanley, 21 F.3d at 360). A petition that does not name the proper respondents will be dismissed. Stanley, 21 F.3d at 360. In this case, petitioner has named as respondents the People of the State of California. If petitioner files a new habeas case after exhausting state court remedies, he must name proper respondents in his new petition.

**IV.     Conclusion**

The Clerk of the Court IS HEREBY ORDERED to assign a district judge to this case; and

For the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule

11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 9, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/lull2899.scrn